**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MONROE RANDLE**                                                   **PETITIONER**

**VS.**                                                       **CIVIL ACTION NO. 3:04CV969LN**

**STATE OF MISSISSIPPI PAROLE BOARD**                        **RESPONDENT**

## ORDER

This matter came before the court on the Petitioner's Motion for Additional Time within which to File an Answer and his Motion for Production of Documents under Rule 34 & 26. Randle, a prisoner in the custody of the State of Mississippi after pleading guilty to capital murder, has petitioned this court for habeas relief against the Parole Board. The Respondent has moved to dismiss this action, on grounds that Randle has failed to state a constitutional claim and because his complaints about the first seven[1] denials of parole are time-barred. The court is of the opinion that Randle's Motion for Additional Time to respond to the Motion to Dismiss should be granted. However, Randle has also sought documents from the Parole Board. Although his Motion for Production does not specify which documents he seeks, his Motion for Additional Time asks that a subpoena duces tecum be issued "for documentation of any and all protest letters, any and all arrest records of DWI, history or drug or alcohol abuse."

The Respondent included with its Motion a form summarizing the Parole Board's actions with respect to Monroe on eight separate occasions, from November 2, 1989, through June 10, 2004. The first seven forms were issued on or prior to August 20, 2001. While the court will not rule on the statute of limitations issue without giving Monroe an opportunity to respond, it appears likely

---

[1] The Parole Board refers to the first six denials of parole; however, the last date mentioned is August 20, 2001, which appears to be the seventh denial.

that the first seven denials occurred so far in advance of the filing of this habeas petition that Monroe will be precluded from challenging their basis. The last denial, dated June 10, 2004, gives the following reasons for the Board's action:

(1) Serious nature of offense
(4) Prior felony conviction(s)
(6) Prior misdemeanor conviction(s)
(21) Community opposition
(24) Insufficient time served
(28) The Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated, as amended.

Thus, even if Monroe was able to make a constitutional claim regarding the denial of parole, it will likely be limited to the last denial, which does not rely on allegations of drug or alcohol abuse. Records of drug or alcohol abuse would, therefore, be completely irrelevant. As to the evidence of community opposition or prior criminal history relied upon by the Board, the court is of the opinion that a decision on whether to produce that information is premature at this juncture. Until the court determines whether Monroe's allegations are appropriate to address by way of a habeas petition, it will not require the Parole Board to produce any documents.

IT IS, THEREFORE, ORDERED that the Petitioner's Motion for Additional Time within which to File an Answer is hereby **granted**, and the Petitioner shall have until January 31, 2006, to respond to the Respondent's Motion to Dismiss.

IT IS FURTHER ORDERED that the Petitioner's Motion for Production of Documents under Rule 34 & 26 is hereby **denied**.

IT IS SO ORDERED, this the 27th day of December, 2005.

                                            S/Alfred G. Nicols, Jr.
                                     UNITED STATES MAGISTRATE JUDGE